UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY ANN SWEENEY,

         Plaintiff,

                CIVIL CASE NO. 04-40284

v.

CORRECTIONAL MEDICAL SERVICES,   HONORABLE PAUL V. GADOLA
INC.,                 U.S. DISTRICT COURT

         Defendant.
_____/

**<u>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION</u>**

Before the Court are Defendant's motion for summary judgment and the Report and Recommendation of United States Magistrate Judge Virginia M. Morgan. The Magistrate Judge issued her Report and Recommendation on February 22, 2007, recommending that Defendant's motion be denied. Defendant filed a set of objections to the Report and Recommendation and Plaintiff filed a response. For the reasons below, the Court accepts and adopts the Report and Recommendation and denies Defendant's summary judgment motion.

**I.  Legal Standard**

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions de novo. *Lardie*, 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which

states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Here, because Defendant has filed objections, this Court reviews de novo those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d. at 807.

De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie*, 221 F. Supp. 2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record and adopts the Report and Recommendation. *See id.*; 12 Wright, Federal Practice § 3070.2.

## II.     Analysis

Plaintiff is a former employee of Defendant and was terminated soon after taking leave pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* Plaintiff

subsequently brought this federal diversity case against Defendant alleging wrongful discharge and retaliation in violation of state law and the FMLA. Defendant filed a motion for summary judgment arguing that Plaintiff's claims should be dismissed. The Magistrate Judge recommended that Defendant's summary judgment motion be denied because there was more than sufficient evidence to create a genuine issue of material fact. Defendant filed a list of objections, disagreeing with the Magistrate Judge's findings. After a review of the relevant portions of the record, the Court finds that the Magistrate Judge's legal reasoning is sound and conclusions are correct.

Defendant's first objection is that Plaintiff's use of alcohol was sufficient, as a matter of law, to support Plaintiff's termination. Defendant's objection is meritless. The institutional policies of Defendant prohibits reporting for duty under the influence of an intoxicant. Plaintiff concedes that she consumed a glass of wine with dinner while not at work. There is plenty of evidence, however, that Plaintiff was not under the influence of alcohol when she later returned to work. When considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). There is more than sufficient evidence to create a genuine issue of material fact as to whether Plaintiff was under the influence of an intoxicant. Furthermore, there is evidence showing that the Macomb County Sheriff's general order concerning odor of intoxicants is not applicable to the circumstances of Plaintiff's case. The Court will thus uphold the analysis of the Magistrate Judge on this issue. Whether Plaintiff was under the influence of an intoxicant sufficient to justify her termination is clearly a matter appropriate for the trier of fact.

In its second objection, Defendant argues that Plaintiff has not successfully disputed

Defendant's proof that the number of employees fails to reach the threshold required for the FMLA. For the FMLA to apply, it is required that an employer have 50 or more employees within a 75 mile radius. 29 U.S.C. § 2611(2)(b)(ii). After a review of the record, the Court finds that Plaintiff has produced sufficient evidence to create a genuine issue of material fact as to whether the threshold of 50 employees is satisfied. Defendant is therefore not entitled to summary judgment on this issue.

Defendant argues in its third objection that Plaintiff was not disabled at the time she was terminated and, therefore, she cannot bring her state law claims. Defendant's objection is meritless. To have standing to pursue her claims, Plaintiff need not prove she was actually disabled. It is sufficient to show that she was "regarded as disabled." *See Carruthers v. BSA Adver., Inc.*, 357 F.3d 1213, 1215 (11th Cir. 2004). Plaintiff has provided more than sufficient evidence to create a genuine issue of material fact as to whether she was regarded as disabled and whether Defendant retaliated against Plaintiff after she asserted her rights under Michigan's Persons with Disabilities Civil Rights Act, M.C.L. § 37.1101.

Defendant's last two objections are similarly without merit. First, taking the facts in the light most favorable to Plaintiff, there is plenty of evidence supporting a finding that Plaintiff's termination was pretextual, and that the real motivations for Plaintiff's termination were discrimination and retaliation. Second, the Court cannot conclude, as a matter of law, that a causal connection is not established by the temporal proximity between the Ms. Gibson's alleged statements in November 2002 and Plaintiff's termination in April 2003. The issue of temporal proximity is a factor for consideration by the trier of fact. Defendant is not entitled to prevail on summary judgment.

### III.  Conclusion

Accordingly, after having reviewed the Magistrate Judge's Report and Recommendation, Defendant's motion for summary judgment, and the applicable portions of the record, **IT IS HEREBY ORDERED** that Defendant's objections [docket entry 40] to the Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry 39] is **ACCEPTED and ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [docket entry 19] is **DENIED**.

**SO ORDERED.**

Dated:   March 30, 2007                                s/Paul V. Gadola
                                                                          HONORABLE PAUL V. GADOLA
                                                                          UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on    April 2, 2007   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
    Ronald W. Chapman; Scott K. Ellis; Mary Anne M. Helveston; Kimberley A. Koester, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                          .

                                                                          s/Ruth A. Brissaud
                                                                          Ruth A. Brissaud, Case Manager
                                                                          (810) 341-7845