UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY SWEENEY,

        Plaintiff,

v.                                                        Case No. 04-CV-40284

CORRECTIONAL MEDICAL
SERVICES, INC.,

        Defendant.
                                      /

**OPINION AND ORDER DENYING DEFENDANTS' MOTION *IN LIMINE***

Pending before the court is Defendant Correctional Medical Services, Inc.'s motion *in limine*, which seeks to prevent Plaintiff Mary Sweeney from presenting evidence at trial concerning whether Defendant qualifies as an employer under the Family and Medical Leave Act, 29 U.S.C. § 2615, *et seq.* ("FMLA"). The matter is fully briefed and the court concludes that a hearing is not necessary. *See* E.D. Mich. LR 7.1(e)(2). The court will, for the reasons stated below, deny Defendant's motion.

**I. BACKGROUND**

Plaintiff filed her complaint on September 30, 2004, alleging violations of the FMLA and the Michigan Persons with Disabilities Civil Rights Act, Mich. Comp. Laws §§ 37.1101, *et seq.* ("PWDCRA"). (*See generally* Pl.'s Compl.) The case has survived Defendant's January 3, 2006 motion for summary judgment, which was referred to Magistrate Judge Virginia Morgan, who issued a report and recommendation ("R&R") calling for the district court to deny the motion. (*See* 2/22/07 R&R.) Judge Paul Gadola

entered an opinion and order accepting and adopting the R&R as the opinion of the court.[1]

## II. STANDARD

Because, as explained below, Defendant's motion *in limine* raises issues already decided in the R&R and adopted by the court, the court will deny the motion under law of the case doctrine. Under the law of the case doctrine, litigants are generally precluded from seeking relief related to matters that the tribunal has already decided. *See e.g. United States v. Robinson*, No. 06-5787; ___ F.3d ___; 2007 WL 2780499 (6th Cir. Sep. 26, 2007) (citing *Arizona v. California*, 460 U.S. 605, 618 (1983)). Law of the case directs the court's discretion, it does not limit the power of the tribunal. *Arizona*, 460 U.S. at 618 (citations omitted). It is not improper, however, "for a court to depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice." *Id.* at 618 n. 8 (citing *White v. Murtha*, 377 F.2d 428, 431-32 (5th Cir. 1957)).

## III. DISCUSSION

The parties contest whether Defendant is excluded from the definition of employer under FMLA because it had fewer than fifty employees working with seventy-five miles of Plaintiff's worksite. 29 U.S.C. § 2611(2)(B)(ii). Defendant argues that the court should decide as a matter of law that Defendant is not an employer for purposes of FMLA, that Plaintiff should not be allowed to present evidence to the contrary and that the court should, in its discretion, decline supplemental jurisdiction over Plaintiff's state law claims. (*See generally* Def.'s Mot.) The court's review of the docket reveals

---

[1] Pursuant to an order of case reassignment for docket efficiency, the case was reassigned to this court. (10/10/07 Order.)

that substantial discovery and motion practice has already addressed this issue, which culminated in detailed analysis in the R&R that the court adopted. The R&R refers to the issue as "the requirement of employee-numerosity," which Defendant first raised in its reply brief for summary judgment as an issue of federal subject matter jurisdiction. (R&R at 13.)

The R&R found that this issue is not jurisdictional, relying upon a Title VII case, *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006), and a case that applied the reasoning of *Arbaugh* to an FMLA claim, *Hackworth v. Progressive Casualty*, 468 F.3d 722, 726 n.3 (10th Cir. 2006). (R&R at 13-14.) "While [Defendant] disputes the status of some of these individuals and submits an affidavit that there were less than 50, plaintiff has produced more than sufficient information to overcome the motion for summary judgment." (*Id.* at 14-15). Judge Gadola reviewed this analysis and held, "[a]fter a review of the record, the Court finds that Plaintiff has produced sufficient evidence to create a genuine issue of material fact as to whether the threshold of 50 employees is satisfied. Defendant is therefore not entitled to summary judgment on this issue." (3/30/07 Order at 4.)

The court finds that Defendant's motion *in limine* falls squarely within the purview of the court's previous holding. Despite Defendant's label, the motion is in essence a renewed motion for summary judgment, or a motion for reconsideration of the court's March 30, 2007 order. Granting it would in effect overturn the court's previous determination that there is a genuine issue of material fact regarding the number of Defendant's employees within seventy-five miles of Plaintiff's worksite. The court is not inclined to reverse course, as Defendant's renewed arguments do not present

3

substantially new evidence or contrary authority of which the court was not previously aware. *See* E.D. Mich. LR 7.1. A collateral attack such as this one is designed for application of the law of the case doctrine.

Nor is the court convinced that its previous order was clearly erroneous or that denying the instant motion will result in manifest injustice. The analysis of the R&R is thorough and persuasive. The court finds no compelling basis in Defendant's motion *in limine* for departing from the court's earlier determination. The parties may present their evidence to the finder of fact, and the court will consider evidentiary objections, if any, at trial.

Further, the court notes the continued viability of Plaintiff's state law claims. Even if the federal claims were no longer present, the court is inclined to proceed to trial on the PWDCRA claims.² Considerations of judicial economy can weigh in favor of further proceedings resolving the state claims in federal court. *See e.g. United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-727 (1966). In this case, given the resources and time already expended on Plaintiff's case, judicial economy would not be served if Plaintiff were denied access to a determination on the merits and forced to begin new litigation in state court. Furthermore, as a practical matter, little or no prejudice runs to Defendant, who must still, whatever the status of the FMLA claims, challenge largely overlapping proofs and present similar defenses for the PWDCRA claims. The salient difference is the definition of employer under the two statutes, which

---

²A district court may decline to exercise jurisdiction over claims allowed in federal court pursuant to subsection (a) if "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c).

is why Defendant's motion *in limine* only directly attacks Plaintiff's FMLA claims. Before the finder of fact, however, the evidence concerning allegedly unlawful conduct will merge to a great extent with respect to the distinct federal and state claims. The court thus believes that the case should proceed to trial.[3]

## IV. CONCLUSION

IT IS ORDERED that Defendant's "Motion *In Limine*" [Dkt. # 49] is DENIED.

      s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 12, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 12, 2007, by electronic and/or ordinary mail.

      s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

---

[3] The court need not reach Plaintiff's arguments for estoppel and under Federal Rules of Civil Procedure 26 and 37. (Pl.'s Resp. at 11-13, 16-19.)

S:\Cleland\JUDGE'S DESK\C2 ORDERS\04-40284.SWEENEY.DenyDefsMotioninLimine.wpd
5